# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 06-61698 |
| ) | |
| SONNY DOTSON and KELI ) | CHAPTER 13 |
| DOTSON, ) | |
|     Debtors. ) | JUDGE RUSS KENDIG |
| ) | |
| _____ ) | ADV. NO. 07-06018 |
| SONNY DOTSON and KELI ) | |
| DOTSON, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | **MEMORANDUM OF OPINION** |
| ) | **(NOT INTENDED FOR** |
| HELLER FINANCIAL LLC aka HHF ) | **PUBLICATION)** |
| 17 LLC, | |
|     Defendant. | |

    Now before the court the motion of defendant creditor Heller Financial LLC for summary judgment. Defendant filed the motion on April 26, 2007 under Fed. R. Bank. P. 7056, which incorporates Fed. R. Civ. P. 56. Plaintiffs Sonny Dotson and Keli Dotson responded on May 29, 2007 and argued that genuine issues of material fact exist which preclude an entry of summary judgment.

    The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(O). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND AND PROCEDURAL POSTURE

    Plaintiffs borrowed $34,750.00 from Eagle Capital Mortgage LTD d/b/a Pace Funding Company ("Eagle") on March 31, 1998. The loan was secured by a mortgage on Plaintiffs' principal dwelling and was not used to finance the acquisition or initial construction of that dwelling.

    Defendant Heller Financial LLC ("Heller") is the assignee of Eagle and is the current

holder of the mortgage executed by Plaintiffs.

According to Plaintiffs, Eagle failed, at the time it extended the loan and took the mortgage on Plaintiffs' property, to provide disclosures (known collectively in the singular as the Regulation Z, Section 32 Disclosure) required under the Home Owner and Equity Protection Act of 1994 (HOEPA) and associated regulations. Plaintiffs have provided sworn affidavits to this effect. Contesting this, Heller, assignee of Eagle, has submitted a photocopy of a Regulation Z, Section 32 Disclosure ("HOEPA notice"). The HOEPA notice appears to bear the signature of each Plaintiff, each dated March 26, 1998, along with an acknowledgment of receipt by the borrowers and the caption, "Distribution: one copy to each borrower / Original with contract package." Heller has also provided the affidavit of Nichelle Jones, a loan analyst at Ocwen Loan Servicing, LLC ("Ocwen"), which services the subject mortgage for Heller. Jones states with personal knowledge obtained from reviewing the file of loan origination documents in Ocwen's custody that the HOEPA notice that Heller submitted "is a true and correct copy from the file of [loan] origination documents."

Plaintiffs filed a complaint on February 2, 2007, seeking statutory relief under HOEPA. Defendant Heller filed an answer on March 14, 2007 and a motion for summary judgment on April 26, 2007. Plaintiffs filed a response on May 29, 2007. Defendant filed an additional brief in support of its motion for summary judgment on May 30, 2007, to which Plaintiffs filed a reply on July 9, 2007.

## LEGAL ANALYSIS

### I. Standard of Review

Motions for summary judgment are governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56. That rule provides, in part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The evidence must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H.Kress & Co., 398 U.S. 144, 158-59 (1970). Summary judgment is not appropriate if a material dispute exists over the facts, "that is, if evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## II. The HOEPA Notice

### A. Statutory Requirement under § 1639(a)(1)

Under 15 U.S.C. §1639(a)(1), if a mortgage is secured by a consumer's principal dwelling, does not fall into one of several excepted classes (none of which apply here), and bears an interest rate in excess of ten percentage points higher than the yield on Treasury securities having comparable periods of maturity on the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor, the creditor must make additional disclosures to the consumer. Plaintiffs' complaint alleges that the applicable Treasury interest rate at the time was 5.49%; Defendant's answer admits that it was less than 6.82% during February 1998, which, since the interest rate of the loan is 16.822%, is sufficient to establish that this loan is and was subject to the additional disclosure requirements under HOEPA. The requirements for such disclosures are set forth in § 1639(a)(1) and 12 C.F.R. 226.32.

### B. Authentication

In their brief of March 29, Plaintiffs contend that "the affidavit [of Nichelle Jones] filed by defendant fails to authenticate the HOEPA notice," and that it is "inadmissible as evidence under Rule 56."

Rule 56 itself does not govern the admissibility of evidence. Authentication is a prerequisite for admissibility of documents into evidence, as provided by Article IX of the Federal Rules of Evidence. Fed. R. Evid.. 901(a) provides that the requirement "... is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."[1] The evidence thus need not be ironclad proof that the document is what it purports to be, but merely sufficient to support a finding to that effect. Heller has submitted a photocopy of the HOEPA notice and an affidavit to the effect that this notice came from the file of loan origination documents. Plaintiffs assert that Jones' affidavit "does nothing to establish that the signatures are those of the plaintiffs, or that she would have any way of knowing whether they signed the document." However, the fact that the copy came from the file of loan origination documents and appears to bear the plaintiffs' signatures is, at the minimum, sufficient to support a finding that the signatures are those of the plaintiffs and that they signed the document. (The copy is also relevant evidence to the issue of material fact that remains in dispute, i.e., whether the required copies of the HOEPA notice were delivered to the plaintiffs.)

---

[1] In addition, Federal Rule 902(9) (Commercial paper and related documents) provides that "[c]ommercial paper, signatures thereon, and documents relating thereto to the extent provided by general commercial law" are self-authenticating, meaning "extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to [such documents]." Fed R. Evid. 902. It is entirely possible that this is a "document relating" to commercial paper (the associated promissory note on the mortgage) and that this HOEPA notice would therefore be self-authenticating. This argument has not been advanced by either party, however, and the court finds this document, accompanied by the affidavit of Jones, meets the test of Rule 901(a), rendering exploration of whether this HOEPA notice qualifies as a "document relating [to commercial paper] to the extent provided by general commercial law."

It seems unlikely that the loan from Eagle would likely not have been forthcoming without such signatures and there seems to be little other evidence at this juncture to explain how those signatures came to be on that document in the file of loan origination documents.

### C. Presumption of Delivery

Heller has established only a rebuttable presumption of delivery of the HOEPA notice, not conclusive proof. Defendant argues that the "conclusive proof" provision of 15 U.S.C. § 1641(b) applies, which states in full:

> Except as provided in section 1635(c) of this title, in any action or proceeding by or against any subsequent assignee of the original creditor without knowledge to the contrary by the assignee when he acquires the obligation, written acknowledgment of receipt by a person to whom a statement is required to be given pursuant to this subchapter shall be conclusive proof of the delivery thereof and, except as provided in subsection (a) of this section, of compliance with this part. This section does not affect the rights of the obligor in any action against the original creditor.

The mentioned exception provided in § 1635(c), however, provides:

> Notwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this *subchapter* by a person to whom information, forms, and a statement is required to be given pursuant to this *section* does no more than create a rebuttable presumption of delivery thereof.

(Emphases added.) Defendant argues that the § 1635(c) exception applies only to a "Notice of Right to Cancel" form, which lenders are required to provide to borrowers in "any consumer credit transaction ... in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended." 15 U.S.C. § 1635(a). However, because of the textual distinction in § 1635(c) between requirements under the *section* and requirements under the *subchapter*, the rebuttable-presumption clause applies beyond the confines of § 1635. The rebuttable presumption of delivery applies to "written acknowledgment of receipt of any disclosures required under" U.S.C. Title 15, Chapter 41, Subchapter I (which includes § 1639, governing the HOEPA notice) whenever the criteria of § 1635(a) are met. The Dotsons' second mortgage is a consumer credit transaction in which Eagle retained a security interest in the Dotsons' principal dwelling, so § 1635(a) applies, and the Dotsons are thus "[persons] to whom information forms, and a statement [are] required to be given pursuant to this section." In turn, § 1635(c) provides that "written acknowledgment of receipt of *any disclosures required under [Subchapter I]* ... does no more than create a rebuttable presumption of delivery thereof." Section 1641(b) is inapposite because it creates an exception whenever § 1635(c) applies, which is the case here.

Plaintiffs also raise the issue that § 1635(c) "does *no more* than create a rebuttable presumption of delivery" of the disclosures, arguing that "this creates, *at best*, a rebuttable

presumption of receipt." The universal trend has been to hold, often by mere unstated operating assumption, that the presumption of delivery does arise automatically upon the production of written acknowledgments of receipt, however. See, e.g., Sibby v. Ownit Mortg. Solutions, Inc., No. 06-1472, slip op. at 4 (6th Cir. Jul 06, 2007), Hanlin v. Ohio Builders and Remodelers, Inc., 212 F.Supp.2d 752, 762 (S.D.Ohio 2002). A factual issue on which a rebuttable presumption operates, however, remains a genuine issue of material fact (merely one in which the burden of production has shifted), rendering summary judgment for Defendant Heller Financial LLC inappropriate at this time.

An order in accordance with this decision shall be entered contemporaneously.

SEP 1 3 2007        /s/ Russ Kendig
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

Service List:

Robert Goldberger
Attorney for Debtor
13 Park Ave. W
#300
Mansfield, OH 44902

Sonny G. Dotson, Sr.
Keli J. Dotson
11 Traxler St.
PO Box 391
Butler, OH 44822

Heller Financial LLC
c/o Ocwen
12650 Ingenuity Drive
Orlando, FL 32826

HHF 17, LLC
Attn: Martha Spaner Phillips, Gardill, Kaiser & Altmeyer
1500 W. Third St., Ste 400
Cleveland, OH 44113